UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEREK DUANE MEADE,

    Plaintiff,

v.

Correctional Officer LEE; et al.,

    Defendants.

No. C 10-963 MHP (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Derek Duane Meade, an inmate at San Quentin State Prison, filed a pro se civil rights complaint under 42 U.S.C. § 1983 about conditions at the prison. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint fails to state a claim upon which relief may be granted. In the portion of the complaint where the inmate is to write his statement of the claim, Meade wrote "see attached exhibit 'A'" and then explained why he thought administrative exhaustion would be futile. Exhibit A consists of an inmate appeal form and several appeal screening forms, which Mead attached apparently as a way to explain his problem. The court will not read through exhibits to piece together a claim for a plaintiff who has not pled one. It is plaintiff's obligation to write out a complete statement of his claim in his amended complaint.

Additionally, Meade must allege in his amended complaint who caused the alleged constitutional violation(s). In his amended complaint, he needs to link each defendant to his claim by alleging facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g., "the defendants" or "the staff"); rather, he should identify each involved person by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). Plaintiff is cautioned that there is no respondeat superior liability under § 1983, i.e., there is no liability under the theory that one is responsible for the actions or omissions of an employee simply because one employs the wrongdoer.

Lastly, one of the defendants in this action is listed as "correctional officer Lee." Even if the court orders service of process, there may be difficulties in finding this person due to the commonness of his/her last name. Plaintiff should try in his amended complaint to provide additional identifying information (e.g., the person's first name, badge number, or work unit) to increase the likelihood that this person can be located if service is ordered.

## CONCLUSION

The complaint is DISMISSED with leave to amend. The amended complaint must be filed no later than **September 30, 2010**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is

2

cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in dismissal of this action.

  IT IS SO ORDERED.

Dated: August 26, 2010       _____
                 Marilyn Hall Patel
                 United States District Judge